IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CAESAR WHITE, JR. | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | 1:23-CV-435-TFM |
| V. | ) | |
| | ) | |
| WILFRED BRIAN STEWART, | ) | |
| USAA CASUALTY INSURANCE | ) | |
| COMPANY, & BOOST | ) | |
| CARRIERS, INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## AMENDED COMPLAINT

## STATEMENT OF PARTIES

1. Plaintiff CAESAR WHITE, JR., is an individual over the age of nineteen (19) years who is a resident of Pensacola, Escambia County, Florida.

2. Defendant WILFRED BRIAN STEWART is an individual over the age of nineteen (19) years and is a current resident of Memphis, Shelby County, Tennessee, at all times relevant hereto. Upon information and belief, Defendant WILFRED BRIAN STEWART was the operator of the 2014 INTERNATIONAL TRACTOR TRAILER TRUCK that collided with Plaintiff's vehicle on October 18, 2022, in Mobile County, Alabama.

3. Defendant BOOST CARRIERS, INC., (hereinafter "Defendant BOOST") is a foreign corporation with a principal place of business in Burr Ridge,

Illinois. Upon information and belief, Defendant WILFRED BRIAN STEWART was an agent, servant or employee of Defendant BOOST, and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant BOOST is vicariously liable for the negligent, reckless, wanton or otherwise wrongful conduct of Defendant WILFRED BRIAN STEWART.

    4.    Defendant USAA CASUALTY INSURANCE COMPANY is and was at all times relevant to this action - an insurance company doing business by and through agent in the State of Alabama.

## STATEMENT OF THE FACTS

    5.    On the afternoon of Tuesday, October 18, 2022, CAESAR WHITE, JR., was traveling Southbound on Highway 45 in the right lane of travel at the intersection of Old Citronelle Highway in Mobile County, Alabama.

    6.    At the same time, Defendant WILFRED BRIAN STEWART was operating a 2014 INTERNATIONAL TRACTOR TRAILER TRUCK traveling Southbound on Highway 45 in the left passing lane at the intersection of Old Citronelle Highway in Mobile County, Alabama.

    7.    Upon information and belief, Defendant BOOST was the owner of the 2014 INTERNATIONAL TRACTOR TRAILER TRUCK being operated by Defendant WILFRED BRIAN STEWART and/or Defendant WILFRED BRIAN

STEWART and/or Defendant WILFRED BRIAN STEWART was operating the tractor-trailer with the permission of Defendant BOOST.

8. Defendant WILFRED BRIAN STEWART began to change lanes back to the right traveling lane, as Defendant WILFRED BRIAN STEWART was merging he forcefully crashed into the rear of Plaintiff's vehicle.

9. As a result of the crash, Plaintiff, was caused to suffer the following injuries and damages: the Plaintiff was injured; the Plaintiff was permanently injured; the Plaintiff was caused to suffer pain, past and future; the Plaintiff was caused to suffer mental anguish and will suffer mental anguish in the future; the Plaintiff was caused to suffer emotional distress in the past and future; CAESAR WHITE, JR., also incurred medical bills, hospital bills and other medical expenses, past and future; out-of-pocket costs and expenses; property damage and loss. Plaintiff lost wages and will incur lost wages in the future.

## COUNT I:
## NEGLIGENCE

10. On October 18, 2022, Plaintiff CAESAR WHITE, JR. suffered substantial injuries and damages when Defendant WILFRED BRIAN STEWART failed his duty to maintain a proper lookout on the roadway and crashed his 2014 INTERNATIONAL TRACTOR TRAILER TRUCK into the rear of Plaintiff's vehicle.

11. At all times relevant hereto, Defendant WILFRED BRIAN STEWART owed the motoring public, including the Plaintiff, certain duties of care, including:

    a) The duty to operate his vehicle in a safe manner and with due caution and circumspection;

    b) The duty to maintain a proper lookout on the roadway;

    c) The duty to operate his vehicle at a reasonable, prudent, and appropriate speed given the condition of the roadway being traveled; and,

    d) The duty to obey the Alabama Rules of the Road.

12. Defendant WILFRED BRIAN STEWART negligently breached the duties of care owed to the Plaintiff on October 18, 2022, when he:

    a) Negligently operated his vehicle in an unsafe manner and without due caution and circumspection;

    b) Negligently failed to heed and obey the merging sign governing his lane of passing was ending on the roadway;

    c) Negligently failed to maintain a proper lookout on the roadway he was traveling;

    d) Negligently failed to operate his vehicle at a reasonable, prudent, and appropriate speed for the conditions of the roadway and/or operated his vehicle at a

speed or in a manner so as to endanger or be likely to endanger other persons or property on the roadway ahead; and,

  e) Negligently failed to obey the Rules of the Road.

  13. Defendant WILFRED BRIAN STEWART's above-described negligence caused or allowed his tractor-trailer to crash forcefully into the rear of Plaintiff's vehicle.

  14. As a proximate result of the negligence of Defendant WILFRED BRIAN STEWART, Plaintiff CAESER WHITE, JR., was caused to suffer substantial injury and damages, including, but not limited to, the following:

  a) Injury and pain to his body;

  b) Extensive pain and suffering, which he has suffered and will continue to suffer in the future;

  c) Medical bills, costs, and expenses, past and future;

  d) Out-of-pocket costs and expenses;

  e) Property damage and loss:

  f) Lost or diminished enjoyment of life;

  g) Inconvenience, mental anguish, and emotional distress, past and future; and

  h) Lost wages, past and future.

15. At all times relevant hereto, Defendant WILFRED BRIAN STEWART was the agent, servant, or employee of Defendant BOOST and was acting within the line and scope of said agency, service, or employment, such that Defendant BOOST is vicariously liable for the negligent or otherwise wrongful conduct of Defendant WILFRED BRIAN STEWART.

16. The negligence of Defendant WILFRED BRIAN STEWART combined and concurred with the negligence of all other named Defendants, causing Plaintiff to be damaged and injured as a proximate result.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against all named Defendants, jointly and severally, for compensatory damages in an amount to be determined by a struck jury, plus interests and costs.

## COUNT II:
## RESPONDEAT SUPERIOR

17. On October 18, 2022, Plaintiff CAESAR WHITE, JR. suffered substantial injuries and damages when Defendant WILFRED BRIAN STEWART failed his duty to maintain a proper lookout on the roadway and crashed his 2014 INTERNATIONAL TRACTOR TRAILER TRUCK into the rear of Plaintiff's vehicle.

18. At all times relevant hereto, Defendant WILFRED BRIAN STEWART was an agent, servant, or employee of Defendant BOOST and was

acting within the line and scope of said agency, service, or employment on the occasion made the basis of this lawsuit.

19. Alternatively, Defendant WILFRED BRIAN STEWART was acting with the express, implied, and/or apparent authority of Defendant BOOST on the occasion made the basis of this lawsuit.

20. Consequently, Defendant BOOST is vicariously liable for the negligent or otherwise wrongful actions or failures to act on the part of Defendant WILFRED BRIAN STEWART on the occasion made the basis of this lawsuit under the theories of Respondeat Superior and Agency.

21. As a proximate result of the negligent or otherwise wrongful conduct of Defendant BOOST and through the actions or failures to act of Defendant WILFRED BRIAN STEWART on the occasion made the basis of this case - Plaintiff was caused to suffer substantial injuries and damages, including, but not limited to, the following:

    a)    Injury and pain to his body;

    b)    Extensive pain and suffering, which he has suffered and will continue to suffer in the future;

    c)    Medical bills, costs, and expenses, past and future;

    d)    Out-of-pocket costs and expenses;

    e)    Property damage and loss:

  f) Lost or diminished enjoyment of life;

  g) Inconvenience, mental anguish, and emotional distress, past and future; and

  h) Lost wages, past and future.

  22. The negligence of Defendant BOOST combined and concurred with the negligence or otherwise wrongful conduct of all other named Defendants, causing Plaintiff to be damaged and injured as a proximate result.

  **WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against all named Defendants, jointly and severally, for compensatory damages in an amount to be determined by a struck jury, plus interests and costs.

## COUNT III: UNDER/UNINSURED MOTORIST

  23. Plaintiff is legally entitled to recover damages from the named Defendants.

  24. Plaintiff demands payments from the Defendant, USAA CASUALTY INSURANCE COMPANY, under the uninsured/underinsured motorist coverage portions of the policy.

  **WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against USAA CASUALTY INSURANCE COMPANY, for compensatory and punitive damages in an amount that is within the jurisdictional limits of this Honorable Court, plus interest and costs.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES IN THIS CASE.

                        Respectfully submitted,

                        Robert A. Arnwine, Jr.
                        *Attorney for Plaintiff*

OF COUNSEL:
**Morgan & Morgan Alabama, PLLC**
2 South Water Street, Suite 200
Mobile, Alabama 36602
Telephone:  (251) 800-6030
Facsimile:   (251) 800-6061
Email:        rarnwine@forthepeople.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of January 2024, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification to the following attorneys.

Benjamin C. Heinz, Esq.
Hope E. Beaton, Esq.
BALL BALL MATTHEWS & NOVAK
P.O. Box 2648
Mobile, AL 36652

William S. Holman, II, Esq.
SPEEGLE, HOFFMAN, HOLMAN & HOLIFIELD, LLC
P.O. Box 11
Mobile, AL 36601

                                      /s/ *Robert A. Arnwine, Jr.*
                                      Of Counsel