IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CAESAR WHITE, JR., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 23-0435-TFM-MU |
| | ) | |
| WILFRED BRIAN STEWART, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

On February 1, 2024, Defendant Boost Carriers, Inc. filed a Motion for Partial Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of any claim in Plaintiff's amended complaint for more than negligence asserted against Boost Carrier under a respondeat superior theory. (Doc. 28). This motion has been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72.

Boost Carriers filed a brief in support of its motion in which it notes that, prior to Plaintiff's filing of his amended complaint,[1] the Court dismissed the wantonness claim asserted against Wilfred Brian Stewart without prejudice. *See* Doc. 11 at p. 2. In his amended complaint, filed on January 26, 2024, Plaintiff does not appear to assert any claims for wantonness against any defendant. (Doc. 27). Rather, Plaintiff alleged that Boost Carriers is "vicariously liable for the negligent or *otherwise wrongful actions or failures to act* on the part of Defendant [Stewart] on the occasion made the basis of this

---

[1] The amended complaint replaces the original complaint and is, thus the operative complaint in this action.

lawsuit under the theories of Respondeat Superior and Agency." (*Id.* at 7) (emphasis added). Boost Carriers asserts that the emphasized language leaves the door open for a claim of wantonness against it and argues that any claim for respondeat superior liability based upon anything other than negligence is due to be dismissed because only a negligence claim has been averred against Stewart. (Doc. 28 at pp. 4-5).

In his reply, Plaintiff stipulates that the respondeat superior claim in Count II of the amended complaint "seeks to hold Defendant Boost Carriers, Inc. liable only for the alleged negligence of Defendant Wilfred Brian Stewart." (Doc. 31 at p. 1). Plaintiff further states that the amended complaint "does not seek to hold Defendant Boost Carriers liable for wanton conduct." (*Id.*)

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the motion for partial dismissal filed by Defendant Boost Carriers be **GRANTED** and that any claim in Count II of Plaintiff's Amended Complaint for respondeat superior liability based on more than negligence be **DISMISSED without prejudice.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on

unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **19th** day of **March, 2024**.

                                          s/P. BRADLEY MURRAY  
                                          UNITED STATES MAGISTRATE JUDGE