IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAESAR WHITE, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIV. ACT. NO. 1:23-cv-435-TFM-MU |
| WILFRED BRIAN STEWART, *et al.*, | ) ) ) |
| Defendants. | ) |

**ORDER**

Pending before the Court is a Stipulation of Dismissal (Doc. 46, filed 6/27/25; Doc. 47, filed 6/23/25) signed by Plaintiff and the remaining Defendants Stewart and Boost Carriers in which they note an intended dismissal with prejudice. They note that prior Defendant USAA opted out.

The Rules of Civil Procedure permit a plaintiff to voluntarily dismiss an action without an order of the court "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A). A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2). Fed. R. Civ. P. 41(c) applies the same standards of Rule 41(a) to the dismissal of counterclaims, cross claims, and third-party claims.

The Court has the authority to dismiss all claims against a defendant under Fed. R. Civ. P. 41 even if there are other defendants in the case. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-*

*Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit). In *Rosell v. VMSB, LLC*, the Eleventh Circuit reiterated the point that Rule 41(a) allows a district court to dismissal claims against a particular defendant because "an 'action' can refer to all claims against one party. 67 F.4th 1141, 1144 n. 2 (11th Cir. 2023) (citing *Klay*, 376 F.3d at 1106).

In *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031 (11th Cir. 2023), the Eleventh Circuit determined that to be effective under Rule 41(a)(1)(A)(ii) a stipulation of dismissal must include the signature of all parties who have appeared to include those parties who may have also already been dismissed. *Id*. at 1038. However, the Eleventh Circuit also made it clear that "Rule 41(a)(2) still provides parties with an avenue for securing dismissals through court order" of an entire action against even when the parties are unable to acquire signatures from all parties who have appeared in the litigation. *Id*. at 1039; *see also id*. at 1036 ("Rule 41(a) allows a district court to dismiss all claims against a particular defendant.") (quoting *Roswell*, 67 F.4th at 1144; *In re Esteva*, 60 F.4th 664, 677 (11th Cir. 2023)).

Though the parties cite Fed. R. Civ. P. 41(a)(1)(A)(ii), as noted above, because it lacks the signature of USAA, it cannot be considered under that section of Rule 41. The main difference between Rule 41(a)(1) and (a)(2) is whether the document is immediate and self-effectuating which is the case under Rule 41(a)(1). *See Estate of West v. Smith*, 9 F.4th 1361, 1367-1368 (11th Cir. 2021) (noting that a Rule 41(a)(1) is a self-executing rule that is effective immediately, that any court order is a nullity, and divests the Court of jurisdiction.). Whereas Rule 41(a)(2) requires

Court review and an approval.

As the Court cannot consider the document under Rule 41(a)(1), it instead **CONSTRUES** the document as a motion to dismiss under Rule 41(a)(2) which is **GRANTED**. Therefore, this case is **DISMISSED with prejudice** with each party to bear their own attorneys' fees and costs.

The Clerk of the Court is **DIRECTED** to close this case.

**DONE** and **ORDERED** this the 24th day of June 2025.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE